Barbara J. KOSTER, et al.

v.

**FREDERICK COUNTY BOARD
OF EDUCATION.**

Civil No. L–95–1107.

United States District Court,
D. Maryland.

April 15, 1996.

Daniel T. Doherty, Jr., Frederick, Maryland, and James J. Doyle, III, Baltimore, Maryland, for plaintiffs.

Barbara L. Ayres, Baltimore, Maryland, for defendant.

## MEMORANDUM

LEGG, District Judge.

Plaintiffs bring this suit pursuant to 20 U.S.C. § 1400 *et seq.*, the Individuals with Disabilities Education Act ("IDEA"), alleging that the Frederick County Board of Education failed to provide a free appropriate education for plaintiff Philip A. Koster. Defendant has moved to dismiss on the grounds that plaintiffs failed to exhaust their administrative remedies under the IDEA. For the reasons stated below, the Court will GRANT defendant's motion to dismiss by separate Order.

## STATEMENT OF FACTS

In 1983, plaintiff Philip A. Koster entered pre-school in the Frederick County public school system. Plaintiffs have alleged that approximately two years later, when Philip was in the second grade, it became apparent that he had learning problems, including the inability to complete classwork and homework assignments on time. These problems continued and in the fifth grade the school recommended that an Assessment, Review, and Dismissal team ("ARD")[1] meet to discuss Philip's difficulties.

In October 1988, the ARD referred Philip for a psychological assessment. Around the same time, Philip began counseling with a private psychologist, Dr. Greg Powell.[2] In January 1989, the ARD team concluded that Philip suffered from a learning disability and suggested that he be given access to a tape recorder and computer. In March 1989, the ARD team created an Individual Education Program ("IEP") providing for special education services for Philip; these included his use of a resource room for one-half hour per week.

Philip continued to have difficulties in school over the next two years. In June 1989, October 1989, May 1990, and April 1991, Barbara Koster met with the ARD team to discuss Philip's performance. At the suggestion of the ARD, the use of the resource room was increased. At each meeting, Barbara Koster acknowledged that she agreed with the goals and recommendations of the ARD.

Plaintiffs allege that in 1991, Barbara Koster met with William Van Hall, the principal of the middle school which Philip was attending. Barbara Koster complained about Philip's lack of progress despite years of ARD meetings and the use of the resource room. Van Hall allegedly told Barbara Koster that "the school system did not have a program available to help Philip."[3]

In September 1991, the Kosters decided to remove Philip from the Frederick County public school system and place him in Randolph Macon Academy. Currently, Philip is in the twelfth grade at Randolph Macon and expects to graduate this year. Plaintiffs, in the instant suit, seek to recover the cost of educating Philip at Randolph Macon.

## DISCUSSION

### A. Standard of Review

Because the parties have filed affidavits and exhibits, the Court will treat defendant's motion as a motion for summary judgment. Fed.R.Civ.P. 56. The Court shall grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "The summary judgment inquiry thus scrutinizes the [non-moving party's] case to determine whether the

1. An ARD team reviews a student's assessments, determines the need for special education services, and develops Individual Education Programs. During ARD meetings the parents of the child are invited to meet with school representatives to discuss the student's problems.

2. At a subsequent date unclear to the Court, Dr. Powell diagnosed Philip as having an Attention Deficit Hyperactivity Disorder ("ADD") and Dysthymic Disorder.

3. Although Van Hall avers that he did not make said statement to Barbara Koster, for the purposes of this motion to dismiss, the Court accepts plaintiffs' allegation as true.

[non-moving party] has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir.1993); *accord Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990). In determining whether there exists a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937–38 (4th Cir.1991).

### B. Exhaustion of Administrative Remedies

■ Congress created a detailed administrative scheme for aggrieved parents to pursue in order to exhaust their remedies under IDEA before filing a federal claim. *See Dellmuth v. Muth*, 491 U.S. 223, 225, 109 S.Ct. 2397, 2398–99, 105 L.Ed.2d 181 (1989); *Honig v. Doe*, 484 U.S. 305, 308, 108 S.Ct. 592, 596, 98 L.Ed.2d 686 (1988). A parent, alleging a violation of the IDEA, must first request an "impartial due process hearing" that may be conducted by either the local school district or the State. 20 U.S.C. § 1415(b)(2). If the initial review is performed by the school district and the parent is dissatisfied with its decision, the parent may appeal the decision to the State level. 20 U.S.C. § 1415(c).[4]

Plaintiffs admit that they did not pursue the administrative remedies provided under the IDEA. Instead, the Kosters argue that they fall under the following exceptions to the exhaustion requirement: 1) the administrative process would have been futile; 2) the school board failed to give them proper notification of their administrative rights; and 3)

exhaustion would have worked severe harm upon the Philip.[5] *See Alfred*, 906 F.Supp. at 1097; *Buffolino v. Board of Educ. of Sachem*, 729 F.Supp. 240, 245 (E.D.N.Y.1990). The burden of proving an exception to the exhaustion requirement rests on the party asserting the exception. *Alfred*, 906 F.Supp. at 1097.

■ First, because defendant allegedly provided an inadequate education to Philip for six years and because Barbara Koster was allegedly told by Van Hall that "the school system did not have a program available to help Philip," plaintiffs argue that it would have been futile to appeal Philip's IEP administratively to the Supervisor of Special Education or the State. The futility exception applies when the IDEA violation at issue is unresolvable through the appeals process. *See J.G. v. Board of Educ. of Rochester Cty.*, 830 F.2d 444 (2d Cir.1987); *St. Louis Dev. Disabilities Treatment Ctr. Parents Ass'n v. Mallory*, 591 F.Supp. 1416 (W.D.Mo.), *aff'd*, 767 F.2d 518 (8th Cir.1985). The evidence submitted by the Kosters is insufficient to establish that an appeal of Philip's IEP would have been futile.

The appeals process allows parents to challenge the validity of a local school's decision. Should the school's decisions be found invalid, it is the responsibility of the reviewing agency to create a program that will meet the needs of the individual student and comply with the IDEA.

While plaintiffs have alleged that Philip's IEP was inadequate prior to 1991, and that Van Hall made the aforementioned statement, plaintiffs have not alleged any facts demonstrating that an appeal would have been futile. The Kosters could not have reasonably assumed that Van Hall's opinion

4. Courts have observed this exhaustion requirement serves several useful functions including: (1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decision by giving the agency the first opportunity to correct any error. *Doe v. Alfred*, 906 F.Supp. 1092, 1097 (D.Md. 1995) (citations omitted).

5. Courts have construed these exceptions narrowly, excusing a plaintiff's failure to exhaust only when "the facts of a given case will further the general purposes of exhaustion and the congressional intent behind the administrative scheme." *Learning Disabilities Assoc. of Maryland, Inc. v. Board of Educ. of Baltimore Co.*, 837 F.Supp. 717, 723 (1993) (quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302–03 (9th Cir.1992)); *See also, Doe v. Alfred*, 906 F.Supp. 1092, 1097 (citing *Learning* with approval).

reflected anything more than the opinion of the school for which Van Hall was principal. Plaintiffs were on notice that such local school decisions were appealable to an impartial hearing examiner and the State. *See infra.* Had the examiner agreed that no appropriate program existed in Philip's school, it would have been the State's obligation to create an appropriate program.[6]

The Kosters removed Philip from the Frederick County public school system before exhausting any of their administrative remedies. Thus, neither the local school district nor the State had the opportunity to review plaintiff's grievances or to render an expert fact finding. Plaintiffs' attempt to circumvent the administrative procedures of the IDEA and come directly to the federal courts is exactly the situation Congress sought to avoid by creating the appeals procedure of the IDEA. The Court finds that plaintiffs have not shown that the administrative process would have been futile.

■ The second exception argued by plaintiffs is that exhaustion was not required because the school failed to provide them with an adequate explanation of their right of appeal under the IDEA. Plaintiffs acknowledge that they received a booklet entitled "Meeting the Special Needs of Students" (the "Booklet"). Def's M. to Dismiss, ex. B. The Kosters contend, however, that the Booklet was legally inadequate in advising them of their rights.

The Booklet provides a detailed list of the student's and parents' due process rights including step by step instructions on how parents can avail themselves of the hearing appeals procedure. The pamphlet (i) explains when a hearing is available, (ii) advises whom the parents need contact to arrange a hearing, and (iii) notifies parents that they have a right to counsel. Moreover, the Booklet references the sections of the IDEA from which these rights are derived and states that the full text of the IDEA is available upon request. The Court finds that the Booklet was legally sufficient to advise the Kosters of their rights under the IDEA. *See Buffolino,* 729 F.Supp. at 246 (holding that a guidebook can provide sufficient notice to parents of their due process rights).

■ Finally, plaintiffs argue that exhaustion would have worked severe hardship on Philip and thus, they are excepted from the requirement. Specifically, plaintiffs contend that they were frustrated with defendant's ineffective IEP programs [7] and that in light of Van Hall's statement regarding the lack of an available program, they believed that Philip would have suffered severe hardship had he continued in the Frederick County public school system.

Plaintiffs bear the burden of proving that the exhaustion of administrative remedies would have caused severe hardship on Philip. While the Kosters have stated that they were dissatisfied with Philip's IEP, they have provided no evidence that Philip would have been subject to severe harm had they engaged in the appeals process.

Federal regulations mandate that a hearing must be held and a decision reached within forty-five days after the public agency

---

6. A typical situation in which the appeal of an IDEA violation has been found futile occurs when the violation is systemic and/or a matter of State policy. *See J.G.,* 830 F.2d 444; *Mallory,* 591 F.Supp. 1416. The Kosters argue that the inability to create an appropriate program for Philip was a systemic problem.

In support of this proposition, Greg Powell, Philip's psychologist, avers that at the time Philip was "enrolled in the Frederick County Public School System, the school system did not have a formal program to deal with Philip Koster's ADD-related learning problems." Pls' M. in Opp. to Def's M. to Dismiss, ex. B. Assuming, arguendo, that Powell's statement is true, plaintiffs have provided no evidence that the State would have been unable or refused to create

such a program. The Court also notes defendant's contention that it did have a program in place tailored to meet Philip's needs and that programs for students with ADD did exist at the time. Def's Reply to Pls' Opp. to M. to Dismiss at 7–8; Def's Supp. M. in Support of M. to Dismiss 9–10, ex. G.

7. Although plaintiffs contend that Philip's IEP was ineffective for the years prior to his removal from public school, the Court notes that on April 16, 1991, and May 25, 1990, Barbara Koster consented to the development and implementation of Philip's IEP programs and signed forms stating that "[she] approve[s] the goals and objectives in this IEP for [her] child and agree[s] to their implementation." Def's M. to Dismiss, ex. C.

receives a request for a hearing. 34 C.F.R. § 300.512. Once the initial hearing has been held by the local school district, plaintiff may appeal the decision to the State, which must hold a hearing and render a decision within thirty days from the receipt of the notice of appeal. *Id.*

Had the Kosters appealed Philip's IEP and the State or the local school district had fashioned a satisfactory remedy, plaintiff would not have removed Philip from the public school or filed the instant suit. Had the appeals proceedings been unsatisfactory to the Kosters, their removal of Philip from the Frederick County school system would have been delayed by seventy-five days at most. At that point, the Kosters could have brought suit in federal court having fully exhausted their administrative remedies.

There is no evidence that an additional seventy-five days in the Frederick County school system would have resulted in any irreparable harm to Philip. Thus, the Court finds that plaintiff have not proved that Philip would have been severely harmed had the Kosters taken the time to exhaust their remedies.

This Court finds that plaintiffs inexcusably failed to exhaust the administrative remedies available to them. Plaintiffs failed to show that: 1) the administrative procedure would have been futile; 2) the Frederick County school system failed to provide notice to the plaintiffs of their rights; or 3) Philip would have been severely harmed had the Kosters pursued their administrative remedies.

## CONCLUSION

For the aforementioned reasons, defendant's motion to dismiss will be GRANTED by separate Order.