Frank **FALZETT** and **Brande** Falzett, individually and as parents and natural guardians of Tiber Falzett, a minor, Plaintiffs,

v.

The **POCONO MOUNTAIN SCHOOL DISTRICT,** Defendant.

No. 3:00–CV–2058.

United States District Court, M.D. Pennsylvania.

July 23, 2001.

---

Edwin Aksel Abrahamsen, Abrahamsen, Moran & Conaboy, P.C., Scranton, PA, for Frank P. Falzett, Individually, and as Parent & Guardian of Tiber Falzett, a minor, Brande Falzett, individually and as Parent and natural Guardian of Tiber Falzett, a minor, plaintiffs.

Ellis Howard Katz, Sweet, Stevens, Tucker, & Katz, LLP, New Britain, PA, Jason R. Wiley, New Britain, PA, for Pocono Mountain School District, defendant.

## MEMORANDUM

CAPUTO, District Judge.

This case arose after Tiber Falzett contracted Giardiasis from surface water parasites in early 1998 and was forced to receive home bound schooling during the spring of his seventh grade year and the whole of his eighth grade year. (Am. Compl., Doc. 8 ¶¶ 7–9.) After unsuccessfully negotiating with the defendant school district regarding Tiber's individualized education program ("IEP"), the Falzetts placed Tiber in a private school and brought the instant action for tuition reimbursement and compensatory damages. The complaint invokes the Individuals with Disabilities Education Act ("IDEA"), the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), various Pennsylvania regulations, and 42 U.S.C. § 1983. (*Id.*) Presently before the court is the school district's motion to dismiss under Rule 12(b)(6) for failure to exhaust admin-

istrative remedies.[1] This motion requires the court to decide whether an IDEA plaintiff must exhaust his administrative remedies prior to bringing suit where the plaintiff seeks both tuition reimbursement, a remedy that is available through the administrative process, and monetary damages, a remedy that is not. Because the court concludes that such a plaintiff must exhaust the available administrative procedures, and because the court further concludes that the exhaustion requirement is not excused by the parties' irreconcilable differences, the school district's motion to dismiss will be granted.

## LEGAL STANDARD

The school district brought the present motion to dismiss for failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(b)(6). However, as exhaustion of administrative remedies is jurisdictional in the IDEA context, see W.B. v. Matula, 67 F.3d 484, 493 (3d Cir.1995), the court will treat the motion to dismiss as one brought pursuant to Rule 12(b)(1), which provides for the dismissal of a complaint where the court lacks subject matter jurisdiction.[2]

Unlike dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of the plaintiff's case, but only a determination that the court lacks the authority to hear the case. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). A Rule 12(b)(1)

motion may be treated either as a facial or a factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc., v. United States, 220 F.3d 169, 178 (3d Cir. 2000). If the motion is treated as a facial attack, the court may consider only the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. Hunter v. United States, 2000 WL 1880257, *3 (M.D.Pa.). See generally Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196–97 (3d Cir.1993).

On the other hand, if the defendant submits and the court considers evidence that controverts the plaintiff's allegations, the court must treat the motion as a factual challenge under Rule 12(b)(1). Gould, 220 F.3d at 178. In such cases, "the trial court is free to weigh evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891. No presumption of truthfulness attaches to the allegations in the plaintiff's complaint, and the burden of proof is on the plaintiff to show that the court possesses jurisdiction. Id. However, the plaintiff must be permitted to respond to the defendant's evidence with evidence supporting jurisdiction. Id. In the present matter, the court

---

1. In addition to exhaustion, the motion to dismiss asserts other grounds for dismissal which, because the court will dismiss for failure to exhaust, will not be considered.

2. Although an exhaustion requirement is often "in the nature of a statute of limitations" that simply bars the plaintiff's claim, see Anjelino v. New York Times Co., 200 F.3d 73, 87–88 (3d Cir.2000) (Title VII context), the

IDEA's statutory exhaustion requirement is jurisdictional in nature, see W.B., 67 F.3d at 493. The distinction is likely based in the especially strong language of § 1415(l), which states that exhaustion is required "before the filing of a civil action." 20 U.S.C. § 1415(l). This language appears to implicate the court's subject matter jurisdiction.

will consider only the allegations in the Falzetts' amended complaint, treating the school district's motion to dismiss as a facial attack on subject matter jurisdiction.

## DISCUSSION

The Individuals with Disabilities Education Act guarantees handicapped children a "free appropriate public education" by providing the states with incentives to adopt the Act's comprehensive scheme of procedural safeguards. *See* 20 U.S.C. § 1400 *et seq.; Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775 (3d Cir. 1994). Chief among these safeguards are the right to a due process hearing before an independent administrative officer, *see* 20 U.S.C. § 1415(b)(2), and the right to institute a civil action after receiving an adverse decision on the administrative level, *see* 20 U.S.C. § 1415(i)(2). However, the IDEA requires that a plaintiff exhaust his administrative remedies under the Act before filing a civil action seeking relief that is "also available" under the IDEA. 20 U.S.C. § 1415(*l*).[3] Such an exhaustion requirement

> enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy. *See McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

*Christopher W. v. Portsmouth Sch. Comm.*, 877 F.2d 1089, 1094 (1st Cir.1989).

Although the Falzetts requested a due process hearing pursuant to 22 Pa.Code § 14.64(a), it appears that the Falzetts declined to go forward with the hearing due to their dissatisfaction with the school district's conduct during the course of the parties' settlement negotiations. (Doc. 8 ¶¶ 25–34; Brief, Doc. 13 at 3.) In any

---

3. The IDEA's exhaustion requirements are embodied in a relatively complex series of related provisions. Subsections (f) and (g) of § 1415 provide for an administrative due process hearing and appeal, respectively. 20 U.S.C. § 1415(f)–(h). Subsection (i)(2), entitled "Right to bring a civil action," states:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2). This provision indicates that an aggrieved party may file a civil action only after an appeal has been made under subsection (g) or after a due process hearing from which the party does not have the right to appeal. This amounts to an exhaustion requirement for IDEA actions. Sub-

section (*l*) broadens the scope of this exhaustion requirement by making it applicable to actions under federal laws other than the IDEA wherever those actions seek relief "also available" under the IDEA. The complete text of § 1415(*l*) is as follows:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that *before the filing of a civil action under such laws seeking relief that is also available under this subchapter*, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(*l*) (emphasis added). Based in part on this language, the court concludes, *infra*, that subsection (I) operates to bar all unexhausted suits involving federal law and seeking relief available under the IDEA, even where a suit also seeks relief not available under the IDEA.

event, the Falzetts do not dispute that they have failed to exhaust their administrative remedies prior to bringing suit. (Doc. 13 at 3.) Rather, they argue that their failure to exhaust is excused as futile. *See Honig v. Doe,* 484 U.S. 305, 326–27, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (excusing the exhaustion requirement where administrative proceedings would be futile).

■■■ The Falzetts point to the parties' failed settlement negotiations—in particular to the school district's failure to consummate a settlement agreement—as evidence that administrative proceedings would be futile. (Doc. 13 at *3.) However, an atmosphere of animosity between the parties, even where accompanied by dilatory tactics on the part of the defendant, does not make the plaintiff's administrative remedies futile. *See Kuszewski v. Chippewa Valley Sch.,* 51 F.Supp.2d 812, 815 (E.D.Mich.1999). Even the defendant's refusal to participate in the due process hearing does not make the administrative process futile. *See Rose v. Yeaw,* 214 F.3d 206, 212 (1st Cir.2000). In such circumstances, the plaintiff can and should proceed with the due process hearing unilaterally. *Id.*

■■■ The Falzetts have not alleged that the school district withdrew from the scheduled due process hearing. They simply argue that the course of negotiations between the parties indicates that no mutually satisfactory resolution is possible. According to the Falzetts,

> [i]t is obvious that a result such as the one negotiated by the Plaintiffs [but rejected by Defendant] would be unsatisfactory to the Defendant. A result of less than that which the Plaintiffs bargained for will likewise be an unsatisfac-

tory and inadequate [sic] to the Plaintiffs. As such, and as permitted, the exhaustion of administrative remedies under the IDEA should be dismissed.

(Doc. 13 at 3.) But the Falzetts have cited no authority for the proposition that the impossibility of reaching a mutually satisfactory resolution to the dispute makes the administrative process futile. In the ordinary course of things a due process hearing will be required only where the parties are unable to resolve the dispute on their own, and will often produce a result unsatisfactory to one or both of the parties. Nevertheless, such hearings are capable of resolving some or all of the issues in an IDEA dispute, even if the outcome is completely satisfactory to neither party. The inveterate differences of the parties to an IDEA dispute are simply not enough to make it futile for the plaintiff to pursue his administrative remedies. *See Association for Retarded Citizens of Ala. v. Teague,* 830 F.2d 158, 162 (11th Cir.1987) (the plaintiff's belief that administrative proceedings would be "incapable of resolving the issues" does not make exhaustion futile). Consequently the Falzetts have failed to make factual allegations which, if proved, would establish that they have satisfied or are excused from satisfying the IDEA's exhaustion requirement. *See Honig,* 484 U.S. at 327, 108 S.Ct. at 606 (the plaintiff bears the burden of establishing futility).

■■■ Ordinarily this would suffice to resolve the pending motion to dismiss. But the court is troubled by the question of whether § 1415(*l*) applies to plaintiffs, such as those here, who seek monetary damages or other relief unavailable through IDEA administrative proceedings.[4] The rule that an IDEA plaintiff

4. Although the Falzetts have not made this argument, it is one which naturally presents

itself under the circumstances of this case, and the court is conscious that it should dis-

need not exhaust where the administrative proceedings would be incapable of awarding him the relief he seeks has been analyzed under the futility exception to the exhaustion doctrine. *See, e.g., BD v. De-Buono,* 130 F.Supp.2d 401, 428 (S.D.N.Y. 2000). The issue usually arises, as it does here, where an action seeking to vindicate a handicapped child's right to a free, appropriate public education includes a claim for monetary damages, a remedy not available through the IDEA administrative process. The majority view among the courts is that such a plaintiff must exhaust the available administrative processes despite the fact that he cannot be awarded damages at the administrative level. *Id.* (collecting cases). *See, e.g., Charlie F. v. Bd. of Educ.,* 98 F.3d 989, 991–93 (7th Cir. 1996).

Deviating somewhat from the majority rule, the Third Circuit has declined to require plaintiffs seeking only compensatory damages to exhaust the available administrative processes. *See W.B. v. Matula,* 67 F.3d 484 (3d Cir.1995). The *W.B.* court noted that the plain language of § 1415(*l*) requires exhaustion only before the filing of a civil action seeking relief "also available" under the IDEA. *Id.* at 496. Since the court determined that damages were not available in IDEA administrative proceedings, it held that the plaintiffs' damages action was not subject to the exhaustion requirement. *Id.*

This, however, was not the entirety of the *W.B.* court's analysis. Two additional considerations were central to the court's holding. First, the parties in *W.B.* had participated in an extended series of administrative proceedings including four

IDEA due process hearings which resulted in the development of an extensive factual record. Thus one of the principal reasons for the exhaustion requirement—to allow the administrative body with the relevant expertise to create an evidentiary record prior to judicial review—did not apply in *W.B. Id.* Second, all issues in *W.B.* other than the damages issue had been resolved by prior administrative proceedings. With only a monetary damages claim remaining, the plaintiffs in *W.B.* could gain nothing from an IDEA administrative proceeding in which damages could not be awarded. *Id.* Given the presence of a robust administrative record and the fact that the plaintiffs could gain nothing from recourse to yet another due process hearing, the *W.B.* court had little difficulty in dispensing with the exhaustion requirement.

These two considerations, particularly the latter, distinguish the present case from *W.B.* In the first place, there have been no administrative proceedings in this matter, and as a result there is no detailed administrative record before the court. Unlike in *W.B.,* the substantive issue of what sort of IEP is appropriate for Tiber remains unresolved. In such circumstances the court would do well to allow state officials with expertise in the education of handicapped children to conduct factfinding before the court takes up the dispute. As the Sixth Circuit has observed:

To allow parents to come directly to federal courts will render the entire scheme of [the IDEA] nugatory. Federal courts, which are generalists with no expertise in the educational needs of handicapped children, are given the ben-

miss a complaint only if there is no set of facts which the plaintiff can prove which would entitle him to relief, *see Gibson,* 355 U.S. 41, 45–46, 78 S.Ct 99, 102, 2 L.Ed.2d 80 (1957). *But cf. Weber v. Cranston Sch.*

*Comm.,* 212 F.3d 41, 52 (1st Cir.2000) (on summary judgment, refusing to construct arguments for the plaintiff on the applicability of the 'unavailability of relief' exception to the exhaustion requirement).

efit of expert fact finding by a state agency devoted to this very purpose. *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989).

Even more critically, it is not the case that the Falzetts are only seeking a remedy that is unavailable through the administrative process. While the Falzetts do seek compensatory damages, they also seek tuition reimbursement, a form of relief which *is* available through a state due process hearing. *See N.S. v. Commonwealth*, 875 F.Supp. 273, 276 (E.D.Pa.1995) ("[a]n administrative hearing officer is fully empowered to grant tuition reimbursement, and the administrative hearing is a proper forum to resolve financial liability for the child's private educational program"); *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78 (3d Cir.1996) (reviewing grant of tuition reimbursement by a Pennsylvania special education appeals panel); *Michael C. v. Radnor Township Sch. Dist.*, 202 F.3d 642 (3d Cir.2000) (reviewing an administrative denial of tuition reimbursement); *Warren G. v. Cumberland County Sch. Dist.*, 190 F.3d 80 (3d Cir.1999) (same); *Robert M. v. Hickok*, 1999 WL 371645 (E.D.Pa.) (same). Consequently it is not the case that the Falzetts have nothing at all to gain from the administrative process. For all the aforementioned reasons, then, *W.B.* is distinguishable from the present matter.

The fact that the Falzetts are seeking tuition reimbursement means that, unlike the plaintiffs in *W.B.*, the Falzetts are clearly "seeking relief that is also available" under the IDEA. 20 U.S.C. § 1415(*l*). Under these circumstances the conclusion is inescapable that the Falzetts must exhaust the available administrative procedures before bringing suit in this court.

The court recognizes that *W.B.* could be understood to require the dismissal of the

Falzetts' tuition reimbursement claim but not their damages claim. Under this reading of *W.B.*, the exhaustion requirement should be excused as to unavailable remedies but not as to available ones. However, reading *W.B.* to espouse a remedy-by-remedy exhaustion analysis would be inconsistent with the exhaustion doctrine's purpose of ensuring that judicial decisions are rendered in light of administrative factfinding, an explicit concern of the *W.B.* court, as it would permit IDEA plaintiffs to bring their damages claims to federal court prior to administrative consideration of their other claims. It would also clash with the doctrine's purpose of avoiding the judicial inefficiency involved in resolving disputes in piecemeal fashion.

Moreover, the plain language of § 1415(*l*) states that exhaustion of IDEA administrative "procedures" is required "before the filing of a civil action." 20 U.S.C. § 1415(*l*). Notably, the statute does not say that each *remedy sought* must be exhausted before that remedy is pursued in court, but that IDEA administrative *procedures* must be exhausted before *a civil action is filed* to vindicate the educational rights of a handicapped child. This language precludes any interpretation of *W.B.* and § 1415(*l*) under which exhaustion is judged with respect to each individual remedy sought by the plaintiff, *accord Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 1824, 149 L.Ed.2d 958 (2001) ("[i]t makes no sense to demand that someone exhaust 'such administrative [redress]' as is available; one 'exhausts' processes, not forms of relief"), and implies that the entire action must be dismissed for lack of subject matter jurisdiction whenever any part of the dispute might be resolved at the administrative level, *see Thorp v. Kepoo*, 100 F.Supp.2d 1258, 1263 (D.Haw. 2000) ("Use of the term 'action' in the [exhaustion provision] suggests that the entire case is not ripe until those portions

of the suit that may be exhausted have been.").

The court is tempted to conclude that recourse to IDEA administrative procedures is required prior to the filing of a civil action seeking to vindicate the educational rights of a handicapped child whenever those administrative procedures are capable of providing relief to the plaintiff.[5] Such a reading of § 1415(*l*) comports with the plain meaning of the statutory language as well as with the purposes of the exhaustion doctrine. It is also consistent with *W.B.*, which excused exhaustion where the plaintiffs could receive no relief whatsoever through the available administrative processes. 67 F.3d at 496. It is likewise supported by the Supreme Court's recent *Booth* decision holding that a prisoner seeking only monetary damages must exhaust the administrative process even where damages are unavailable, so long as that process is capable of providing the prisoner some relief. *Booth*, 121 S.Ct. at 1824.

However, the court need not go so far to decide this case. It is enough to conclude that recourse to IDEA administrative procedures is required prior to the filing of an action seeking to vindicate the educational rights of a handicapped child where the complaint seeks relief that is available through the administrative process.[6] As the Falzetts have failed to exhaust the available administrative procedures prior to filing a civil action seeking, *inter alia*, tuition reimbursement, the Falzetts' entire action must be dismissed pursuant to 20 U.S.C. § 1415(*l*).

## CONCLUSION

The allegations in the amended complaint, even if proved, cannot establish that the Falzetts have exhausted their administrative remedies as required by 20 U.S.C. § 1415(*l*). Further, the court concludes that exhaustion is not excused by the fact that the Falzetts seek monetary damages, a remedy that is not available through the administrative process, where they also seek tuition reimbursement, a remedy that is. Finally, the Falzetts' argument that exhaustion is excused by the fact that there exists no mutually agreeable resolution of the parties' dispute is incorrect as a matter of law.

The amended complaint will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order will follow.

---

5. By its own terms, § 1415(*l*) applies to actions which invoke *federal* law protecting the rights of handicapped children. *See* 20 U.S.C. § 1415(*l*). The court expresses no opinion on the applicability of § 1415(*l*) to civil actions based solely on state law.

6. See note 5, *supra*.