**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3802
_____

M.M., individually and on behalf of K.M.,
Appellant

v.

PATERSON BOARD OF EDUCATION
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2:17-cv-11948)
District Judge: Hon. John M. Vazquez
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 24, 2018
_____

Before: MCKEE, SHWARTZ, and NYGAARD, Circuit Judges

(Filed: June 4, 2018)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge

      M.M., individually and on behalf of her child K.M., appeals an order denying

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

preliminary injunctive relief because she failed to exhaust her administrative remedies as required under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Because M.M. has not demonstrated that an exception to the exhaustion requirement applies, we will affirm.

I

For at least part of the 2016 to 2017 school year, K.M. was in eighth grade at the New Roberto Clemente School in the Paterson Public School District ("Paterson"),[1] and he had previously received an Individualized Education Plan ("IEP"). In January 2017, K.M. was diagnosed with depression and other disorders and was recommended for inpatient hospitalization, sixty days of in-home instruction, and a therapeutic placement. However, M.M. elected instead to try medication management. In April, K.M. was transferred to another school in the district but was ultimately absent for most of the 2016-2017 school year. In June 2017, Paterson notified M.M. that K.M. would be retained in the eighth grade and not promoted to high school.

In August 2017, M.M. filed in the New Jersey Office of Special Education Policy and Procedure a request for a due process hearing, asserting the denial of a Free Appropriate Public Education ("FAPE"), and for emergent relief, seeking K.M.'s promotion to high school.[2] In October 2017, one administrative law judge ("ALJ")

---

[1] "Paterson" refers to both the Board of Education and the School District.
[2] While the filings suggest that M.M. sought emergent relief in the form of promotion to high school as well as support services that might include home instruction, M.M.'s counsel clarified before the administrative law judge that the only emergent relief requested was promotion to high school.

denied the request for emergent relief, and a different ALJ scheduled the due process hearing for June 7 and 8, 2018.

After losing her request for emergent relief before the ALJ, M.M. filed a verified complaint and requested a preliminary injunction in the United States District Court for the District of New Jersey seeking K.M.'s promotion to high school and temporary home instruction. The complaint alleged that Paterson unlawfully denied K.M. a FAPE in violation of the IDEA and discriminated against him in violation of the Americans with Disabilities Act and New Jersey's Law Against Discrimination. Paterson opposed M.M.'s request for a preliminary injunction and filed a cross-motion to dismiss the complaint. The District Court denied M.M.'s request for preliminary injunctive relief and dismissed her IDEA claim due to her failure to exhaust administrative remedies.

M.M. appeals the denial of the preliminary injunction and Paterson moves to strike M.M.'s appeal brief and appendix because they refer to materials not presented to the District Court.

II[3]

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4) and 20 U.S.C. § 1415(i)(3)(A). We have jurisdiction to review the order denying M.M.'s request for a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1).

To the extent M.M. contests the District Court's dismissal of her IDEA claim or Paterson contests the District Court's failure to dismiss M.M.'s other claims, we lack jurisdiction over the District Court's ruling on the motion to dismiss because it is not a final appealable order. See 28 U.S.C. § 1291 (granting appellate jurisdiction over final decisions of the district courts); Michelson v. Citicorp Nat'l Servs., Inc., 138 F.3d 508, 513 (3d Cir. 1998) (stating that a final, appealable order must dispose of all claims presented to the district court).

"When reviewing a district court's denial of a preliminary injunction, we review the court's findings of fact for clear error, its conclusions of law de novo, and the ultimate decision for an abuse of discretion." Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017) (alterations and citation omitted). Whether an exception to the exhaustion requirement applies is a legal question subject to plenary review. Lester H. by Octavia P. v. Gilhool, 916 F.2d 865, 869 (3d Cir. 1990).

A

The IDEA requires participating states to provide disabled children with a FAPE, 20 U.S.C. § 1412(a)(1)(A), which a school district administers through its development of an instructional program set forth in an IEP for the disabled child, id. at § 1414(d). Wellman v. Butler Area Sch. Dist., 877 F.3d 125, 128 n.4, 131 (3d Cir. 2017). The IDEA establishes an administrative scheme that parties must follow to resolve claims that a school denied a student of a FAPE. Id. at 131. The scheme provides for an impartial due process hearing conducted by the state or local educational agency. See 20 U.S.C. § 1415(f). Generally, "a plaintiff who seeks relief available under the IDEA must exhaust his administrative remedies before filing a lawsuit . . . ." Wellman, 877 F.3d at 131; see also 20 U.S.C. § 1415(i)(2)(A) (providing a cause of action to those "aggrieved" by a "final" decision of the due process hearing officer or state educational agency). There are four exceptions to the exhaustion requirement: "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 275 (3d Cir. 2014). The party seeking to

4

be excused from exhaustion bears the burden of establishing an exception. See Honig v. Doe, 484 U.S. 305, 327 (1988). M.M. asserts that the first, second, and fourth exceptions apply here. However, based the record before the District Court and in light of current circumstances, we disagree.[4]

First, M.M. has not shown that exhaustion would be futile. The ALJ has the capacity to hear the relevant facts concerning K.M.'s individual placement. This is not a situation involving claims by thousands of disabled children that would overwhelm the state administrative agency and foreclose timely relief, as was the case in Jose P. v. Ambach, 669 F.2d 865, 869 (2d Cir. 1982), or allegations of systemic deficits, see Beth V. by Yvonne V. v. Carroll, 87 F.3d 80, 89 (3d Cir. 1996) (acknowledging an exhaustion exception where plaintiffs "allege systemic legal deficiencies and, correspondingly, request system-wide relief that cannot be provided . . . through the administrative process"). Second, M.M. has not demonstrated that the administrative process is unable to provide an appropriate remedy for the harms alleged. See Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 281 (3d Cir. 2014) (concluding that a case "does not present any of the circumstances warranting the application of the futility exception" because, among other reasons, "the IDEA administrative process is in fact able to provide a suitable remedy for the harms alleged"). Indeed, the ALJ has the authority to order

---

[4] The ALJ's interlocutory decision denying emergent relief does not satisfy exhaustion. See Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 777 n.1 (3d Cir. 1994) (stating that 20 U.S.C. § 1415(e) "does not grant a court authority to review an ALJ's decision before the administrative process has been completed").

K.M.'s placement as dictated by the facts and governing law. Therefore, exhaustion is not futile or inadequate.

Third, the factual record is not fully developed, and questions about the appropriate placement and IEP for K.M. are disputed. Paterson believes K.M. should be retained in the eighth grade while M.M. seeks to have K.M. promoted to high school. Compare id. at 281 (refusing to excuse exhaustion where the factual record was not fully developed and the plaintiffs had not participated in hearings before an ALJ to resolve the student's classification and placement), with Lester H., 916 F.2d at 869-70 (excusing exhaustion where "no evidentiary disputes remain[ed]"). The decision concerning which placement is appropriate will be dictated by the facts. Given these factual disputes, M.M. has not shown that exhaustion should be excused on the basis of a purely legal question.[5]

Turning to the final alleged exception upon which M.M. relies, irreparable harm, exhaustion may be excused where the plaintiff "provide[s] a sufficient preliminary showing that the child will suffer serious and irreversible mental or physical damage (e.g., irremediable intellectual regression) . . . ." Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 779 (3d Cir. 1994). "[T]o meet that threshold, plaintiffs must provide affidavits from competent professionals along with other hard evidence that the

_____

[5] M.M. argues that only Paterson's procedural violation of the IDEA and its denial of a FAPE are before our Court. However, M.M. has not described her alleged procedural violations to us and instead improperly attempted to incorporate by reference her brief in the District Court raising such claims. See Norman v. Elkin, 860 F.3d 111, 130 n.26 (3d Cir. 2017) (rejecting a litigant's attempt to incorporate by reference District Court briefing). Moreover, M.M.'s claim that she is raising only procedural violations is belied by her present request for relief—promotion to high school—and she concedes that questions concerning K.M.'s placement may require a due process hearing.

child faces irreversible damage if the relief is not granted." Id. Evidence of a student's "regression" is unlikely to establish irreparable harm because "in general, the skills lost in regression may be recouped," and a "delay in obtaining [an] expected benefit may be redressed by compensable extensions of eligibility for educational aid." Id. at 780.

M.M. presented no evidence to the District Court indicating that K.M. would suffer irreversible damage in the absence of home instruction and promotion to high school during the pendency of administrative proceedings. Without evidence concerning irreversible harm to K.M. and given that he is currently receiving home instruction and the administrative due process hearing is scheduled to occur shortly, M.M. has not established that denying preliminary injunctive relief would cause K.M. irreparable harm.[6] See Rose v. Yeaw, 214 F.3d 206, 212 (1st Cir. 2000) (irreparable harm exception not established where the plaintiffs failed to provide evidence that their disabled son would have "experienced severe harm" or "irreversible damage" to his health or education while exhausting administrative remedies).

For these reasons, the District Court did not abuse its discretion in concluding that M.M. failed to exhaust her administrative remedies and that no exception applied.

B

---

[6] Given K.M.'s ongoing home instruction and the approaching due process hearing, we also decline to remand to the District Court to consider M.M.'s request for a preliminary injunction in light of the newly presented materials from Dr. Rory Panter, which consists of a report presented to us and not the District Court, and a certification that was referenced in M.M.'s appeal brief but not included in the appendix or anywhere in the record.

After the District Court denied preliminary injunctive relief, K.M. was evaluated by Dr. Panter, who opined that K.M. should be promoted to ninth grade and receive home instruction until the proper therapeutic placement is identified for him.[7] However, Dr. Panter's evaluation was not presented to the District Court. Because we "review the decision below on the basis of the record that was before the district court," and M.M. has not presented any "exceptional circumstances" to permit her to supplement the record, Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226-27 (3d Cir. 2009)[8]; see also Webb v. City of Philadelphia, 562 F.3d 256, 261 n.4 (3d Cir. 2009) ("We do not consider material on appeal that is outside of the district court record."); Fed. R. App. P. 10(e) (allowing corrections to the record due to omissions or misstatements resulting from "error or accident"), we will not consider the Panter materials. Having disregarded those materials and references thereto, we will deny Paterson's motion to strike M.M.'s appeal brief and appendix as unnecessary.[9]

---

[7] Paterson subsequently agreed to provide temporary home instruction for K.M. beginning in February 2018. Although the IEP states that such instruction would be provided through April 9, 2018, App. 285, there is nothing before us to suggest that the home instruction is not currently being provided and if it had ceased, we would expect that M.M. would have raised it with us or the District Court.

[8] Exceptional circumstances that our Court has considered include:

(1) whether the proffered addition would establish beyond any doubt the proper resolution of the pending issue; (2) whether remanding the case to the district court for consideration of the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) whether the appeal arose in the context of a habeas corpus action.

Acumed, 561 F.3d at 226.

[9] Paterson also moved to strike M.M.'s appeal brief because it included factual assertions without supporting citations to the record, as required by Third Circuit Local

### III

For the foregoing reasons, we will affirm the District Court's order denying

M.M.'s preliminary injunction[10] and deny Paterson's motion to strike.

---

Appellate Rule 28.3(c). However, M.M. subsequently filed an amended brief that corrected that deficiency.

[10] We are troubled by the significant delay in administrative proceedings to date, which we expect will be resolved in the near future given the June 2018 due process hearing. If the hearing does not occur, M.M. remains free to seek relief in the District Court because, as other courts have observed, "in certain circumstances, lengthy delays in the administrative process may justify" excusing exhaustion, J.Z. v. N.Y.C. Dep't of Educ., 281 F. Supp. 3d 352, 363-64 (S.D.N.Y. 2017) (collecting cases in the Second Circuit) (citation and internal quotation marks omitted); see also Blackman v. District of Columbia, 382 F. Supp. 2d 3, 9 (D.D.C. 2005) (stating that "the failure to provide timely due process hearings itself may constitute irreparable harm"). Whether the additional delay warrants excusing exhaustion in this case is a decision for the District Court.